**EDWARD R. SCHWARTZ, CA Bar No. 147553**
ers@cph.com
**CHRISTIE, PARKER & HALE, LLP**
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff and Counterdefendant,
**MOBILE HI-TECH WHEELS**

**Dariush G. Adli (SBN 204959)**
adli@adlilaw.com
**Yun (Louise) Lu (SBN 253114)**
Louise.lu@adlilaw.com
**Rex Hwang (SBN 221079)**
Rex.hwang@adlilaw.com
**ADLI LAW GROUP P.C.**
633 West Fifth Street, Suite 2600
Los Angeles, California 90071
Telephone: 213-223-2365
Facsimile: 213-223-2368

Attorneys for Defendant,
**DIRECT TIRE & WHEEL, INC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE HI-TECH WHEELS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DIRECT TIRE & WHEEL, INC.,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No.  CV09-07583 DMG (PJWx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Hon. Patrick J. Walsh |

-1-

CHRISTIE, PARKER & HALE, LLP

## I. INTRODUCTION

**WHEREAS**, the parties are competitors in this patent infringement action and since the Parties have posed or plan to pose interrogatories and requests for production of documents which seek disclosure of the other party's sales, profits, and other information the Parties consider to be highly confidential; and

**WHEREAS**, there is a need to establish a mechanism to protect the disclosure of such confidential information in this action;

**GOOD CAUSE HAVING BEEN SHOWN**;

**IT IS HEREBY STIPULATED** that the following protective order shall govern the disclosure of confidential information provided in discovery in this action by any party or third party.

## II. DEFINITIONS.

The following definitions apply in this protective order:

A.   The designation "CONFIDENTIAL" may be applied by a party or third party to any type of information which that party or third party believes in good faith to constitute or contain confidential financial, business, personnel or related information. The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed to be Confidential within the meaning of this Stipulated Protective Order. Information designated as "Confidential" in accordance with this provision shall be treated as Confidential Information until it ceases to be covered by this Stipulated Protective Order.

B.   The designation "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be applied by a party or third party to any type of information which it believes in good faith to constitute or contain confidential financial, business, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents only. This designation shall be made as sparingly as

possible and shall be a certification to the Court and the other parties that such information is believed subject to this more restrictive classification within the meaning of this Stipulated Protective Order.

      C.    "Confidential Information" refers to all information which is subject to the designations "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as described above.

      D.    "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

      E.    "Third Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

      F.    "Order" means this Protective Order.

**III.**    **TERMS OF THE PROTECTIVE ORDER.**

      **A.**    **Materials Subject to Designation.**

All depositions, originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions; and all documents and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") may be designated by the party or a nonparty producing the Information in conformity with the definitions set forth above.

      **B.**    **Treatment of "Confidential -- Attorneys Only" Information.**

Except as provided in Paragraphs D and E below, information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed in any way to any person or entity other than counsel of record for a party.

### C. Treatment of "Confidential" Information.

Except as provided in Paragraphs D and E below, documents designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed in any way to any person or entity other than counsel of record for a party, the parties to this action and their current employees, and third-party witnesses who counsel of record for a party believes have knowledge which would be reasonably calculated to lead to the discovery of admissible evidence. Before disclosure to any person or entity other than counsel of record for a party, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A.

### D. Outside Experts and Consultants.

Documents designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this action, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written confidentiality agreement in the form attached hereto as Exhibit A.  The foregoing notwithstanding, any such expert or consultant who is an employee of a party to this action, or an employee of a competitor of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

### E. Request for Additional Disclosure.

If any counsel of record desires to communicate to any person apart from those permitted under Paragraphs B, C, and D any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that

CHRISTIE, PARKER & HALE, LLP

counsel of record shall first obtain the written consent of the designating party through such party's counsel of record or obtain leave of Court to do so. Each person to whom the Confidential Information is to be given, shown, made available or communicated must execute a written confidentiality agreement, in the form attached hereto as Exhibit A. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be communicated to any person other than those permitted under Paragraphs B, C, and D.

**F.      Record of Disclosure.**

A file shall be maintained by the counsel of record making a disclosure to third parties of all written agreements signed by persons to whom materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" have been given. A copy of each such agreement shall be sent to Counsel of Record for the designating party within five (5) days of disclosure.

**G.      Manner of Designating Documents.**

A party shall designate documents containing Confidential Information by placing a legend in plain view on each page of any document that party wishes to protect against disclosure or use. This legend shall state "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," as appropriate. All documents and things shall be marked prior to the provision of a physical copy thereof to the other party.

**H.      Initial Failure to Designate Information.**

The initial failure to designate Information "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accord with such designation from that time forward. If such Information has previously been disclosed to persons no longer qualified after such designation, the disclosing

CHRISTIE, PARKER & HALE, LLP

party shall take reasonable efforts to obtain all such previously disclosed Information, advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A.

### I. Manner of Designating Depositions.

In the case of a deposition, counsel for such party may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL," provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the transcript, shall mark as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" those pages of the transcript as such party shall then deem confidential, (the confidential designation of all remaining pages being rescinded after such period), and shall notify the other party in writing which pages are deemed Confidential Information. In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating party thereafter notifies the other party that the failure to timely designate occurred by oversight.

### J. Court Reporters.

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the attorney of record for the designating party or to the Court subject to the provisions hereof.

**K.     Filing Documents With The Court.**

All information designated as Confidential Information which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information shall be accompanied by an application to file the information, pleading or memorandum or the portion thereof constituting or containing the Confidential Material under seal directed to the Judge to whom the papers are directed.  The Confidential Information shall be filed or lodged in sealed containers on which shall be recorded the title to this action, the general nature of the contents, the words "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and a statement substantially in the following form:

This sealed container filed in this case contains confidential materials generally identified as ["CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL"] filed under seal pursuant to the order of the court.  Pursuant to the Protective Order herein, this container shall not be opened nor the contents thereof revealed except to the Court, including court personnel as necessary for handling of the matter.

**L.     No Effect On Party's Own Use.**

Nothing contained in this Order shall affect the right of a party to disclose or to use as it desires any information designated and produced by it as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

**M.     No Effect On Disclosure to Author or Addressees.**

Nothing contained in this Order shall affect the right of a party to disclose any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

**N.     No Applicability to Public Information.**

The restrictions on dissemination of confidential information shall not apply to (i) information which prior to disclosure hereunder is either in the

CHRISTIE, PARKER & HALE, LLP

possession or knowledge of an inspecting party or person who, absent this order, is under no restriction regarding its dissemination, or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through an act or omission of a party receiving the confidential information.

### O.  Legal Effect of Designations.

The designation by a party of any document, material or information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" is intended solely to facilitate discovery in this action.  This Order shall not prejudice the right of any party to bring before the Court a motion in compliance with Local Rules 37-1 and 37-2 seeking a declaration that information produced by the other party has been wrongfully designated as Confidential Information and should not be subject to the terms of this Order.  A party bringing such motion shall have the burden of proving that the information designated as Confidential Information is in the public domain or was in possession of the receiving party prior to its disclosure through discovery in this action, or is otherwise not appropriately designated as Confidential Information.

### P.  Final Disposition of Action.

Within 60 days after the final disposition of this action, including appeals, each counsel of record shall:  (a) promptly return to counsel of record for the designating party all information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof which are not in custody of the Court;  or (b) promptly destroy or see to the destruction of all writings related thereto, and certify to the designating party that such destruction has been done.  As an exception to the above, counsel of record may retain a single file copy of any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto.  The copy of these retained documents shall be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of

CHRISTIE, PARKER & HALE, LLP

record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

### Q. <u>Survival of Terms.</u>

Absent written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

### R. <u>Violation of Order.</u>

In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law. The parties and any other person subject to the terms of this Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Order. In the event that any confidential information is disclosed by a receiving party in violation of this order, the confidential information shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.

### S. <u>Subpoena in Another Action.</u>

Nothing in this order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**IT IS SO ORDERED.**

DATED: July 28, 2010

*/s/ Patrick J. Walsh*
Hon. Patrick J. Walsh
United States Magistrate Judge

CHRISTIE, PARKER & HALE, LLP

| | |
|---|---|
| 1 | Stipulated and consented to by: |
| 2 | |
| | DATED: July 27, 2010    CHRISTIE, PARKER & HALE, LLP |
| 3 | |
| 4 | |
| | By   */s/ Edward R. Schwartz* |
| 5 |        Edward R. Schwartz |
| 6 | Attorneys for Plaintiff, MOBILE HI-TECH WHEELS |
| 7 | |
| | DATED: July 26, 2010    ADLI LAW GROUP P.C. |
| 8 | |
| 9 | |
| | By   */s/ Dariush G. Adli* |
| 10 |        Dariush G. Adli |
| 11 | Attorneys for Defendant, DIRECT TIRE & WHEEL, INC. |

# EXHIBIT A

## **NON-DISCLOSURE AGREEMENT**

I, _____, declare under penalty of perjury that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order ("Order") in the matter of Mobile Hi-Tech Wheels, Plaintiff, vs. Direct Tire & Wheel, Inc., Defendant, in the United States District Court, Central District of California, Civil Action No. CV09-07583 DMG (PJWx) that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Order, and agree to be bound by the terms and conditions of the Order.

I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____   Signed: _____

_____
*(print name)*